**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**DON KING PRODUCTIONS, INC,**
Plaintiff

**CIVIL NO. 04-1617(DRD)**

v.

**EL PESCAO, et als.**
Defendants

**ORDER**

On June 24, 2004, Don King Productions, Inc. ("Don King") filed a suit against El Pescao, Gloria Rodriguez, her husband Fulano de Tal, the Conjugal Partnership which they constitute, John Doe, Jane Doe, the Conjugal Partnership which they constitute all of them doing business as El Pescao, and ABC Insurance Company. The lawsuit charged the defendants with the violation of provisions of the Federal Communications Act of 1934, specifically, 47 U.S.C. § 605 (an alleged unauthorized showing of an unauthorized signal as to a sports event). Subsequently, on September 3, 2004, Don King filed an amended complaint whereby he specified the names of the unidentified defendants as Ruben Rodriguez, Mirta de Rodriguez, and the Conjugal Partnership which they constitute. The charges remained unaltered.

Upon failure of all defendants to timely file an answer or any other responsive pleading, Don King moved for an entry of default against them. (Docket No. 11) Accordingly, on November 30, 2004, the Clerk entered default as to Ruben Rodriguez, Mirta de Rodriguez, the Conjugal Partnership which they constitute, Gloria Rodriguez, Fulano de Tal, the Conjugal Partnership which they constitute, and El Pescao. (Docket No. 12). Subsequently, the Court entered an order and judgment in favor of plaintiff herein on February 15, 2005. (Default No. 14). Now, pending before the Court is plaintiff's *Motion to Compel and for Attorneys' Fees*. (Docket No. 15).

Plaintiff explains that, in aid of execution of the judgment issued by the Court, it served a subpoena *duces tecum* on defendant on May 25, 2005. The taking of defendant's deposition was to take place on June 6, 2006. On that date, however, the subpoenaed party did not appear and informed plaintiffs that she was not going to appear. Thus, plaintiff espoused, for the record, a notice of non-appearance. In turn, they request that the Court hold Ms. Gloria Rodriguez, subpoenaed party, in contempt of court and further order defendant to pay reasonable attorneys' fees and expenses of the subpoena delivery and deposition record.

Fed.R.Civ.P. 45(e) specifically provides that any person who fails to obey a subpoena, without an adequate excuse, of course, may be deemed in contempt of court. The Supreme Court has gone even further and has held that evading a deposition subpoena constitutes and obstruction of the administration of justice since a court is absolutely entitled to have its orders obeyed. *See* Shilitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531 (1966); In re: Subpoena of Micahel J. Barnicle, 800 F.Supp. 1021 (D.N.H. 1992). Consequently, in order to maintain control over the proceedings before it, the Court must act affirmatively when any person – be it a litigant, an

attorney, or a witness – refuses to appear for a deposition. In particular, civil contempt is imposed in order to coerce actual or future compliance with the Court's orders, and, as is known, both imprisonment and monetary fines are as available in civil contempt proceedings as they are in criminal contempt proceedings. Moreover, in civil contempt cases, the Court has the faculty to impose further compensatory fines to make the aggrieved whole. *See* In Re Kave, 760 F.2d 1376 (9th Cir. 1986).

Finally, courts have broad discretion to construe a remedy based on the nature of harm and probable effect of alternative sanctions in civil contempt proceedings. Accordingly, the court **FINDS** defendant Ms. Rodriguez **IN CONTEMPT OF COURT**. It is hereby **ORDERED** that defendant complies **FORTHWITH** with plaintiff's subpoena and **PAY** the attorney's fees and expenses related to the subpoena delivery and deposition record.

The plaintiff is to file under Coutin v. Young and Rubicam Puerto Rico, Inc., 124 F.3d 331(1st Cir. 1997) standards a sworn or verified statement as to the amount of time spent and a proposed request as to attorney's fees acceptable within this jurisdiction. Said request must be verified by another counsel who regularly practices in the forum. The Court shall also tax the corresponding costs.

Should defendant continue with the non-appearance, the Court shall, at the request of plaintiff, order their custody as sanction for civil contempt and/or impose other disciplinary actions.

Plaintiff is **ORDERED** to notify this order to defendants using a private process server.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of February of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
